# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT BODINE, et al., <br> Plaintiffs, <br> v. <br> FIRST CO., a corporation, et al., <br> Defendants. | Case No.: 19-CV-1580 W (LL) <br><br> **ORDER (1) GRANTING PLAINTIFFS' MOTION TO AMEND THE COMPLAINT [DOC. 14] AND (2) REMANDING CASE** |

Plaintiffs Matt Bodine, Jason Bodine, and DBS seek leave to file a Second Amended Complaint ("SAC") naming LDI Mechanical Inc. as a defendant. Defendants oppose.

The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, the Court **GRANTS** the motion to amend [Doc. 14]. Because the amendment destroys diversity jurisdiction by naming LDI as a defendant, remand is warranted. Accordingly, the Court **REMANDS** the action to the Superior Court of California, County of San Diego.

1

## I. BACKGROUND

Plaintiff DBS is a California corporation–owned by Plaintiffs Matt and Jason Bodine—which sold HVAC units purchased from Defendants. (*FAC* [Doc. 1-3] at 5.) Plaintiffs primarily sold to HVAC wholesale distributors. (*Id.*) However, among Plaintiffs' customers was LDI Mechanical, an "HVAC contractor" to which Plaintiffs would typically sell Defendants' products at ten to fifteen percent above wholesale distributor price. (*Id.* at 5–6.)

On October 24, 2018, Defendants provided Plaintiffs 30-days' notice for the termination of their agreement. (*Id.* at 16.) Plaintiffs allege that Defendants left them "with an inventory of 7 figures' value that Plaintiffs could not sell and Defendants would not take back." (*Id.*)

In July of 2019, Plaintiffs sued Defendants in the San Diego Superior Court for twenty-two claims related to the breakup of the parties' business agreement. [Doc. 1-2.] On August 12, Plaintiffs filed the operative FAC alleging twenty-five related claims. (*FAC* [Doc. 1-3].) Defendants then removed the case to this Court based on diversity jurisdiction. [Doc. 1-1.]

On September 3, 2019, Defendants filed a Motion to Transfer Venue. [Doc. 9.] However, the Court granted Plaintiffs' Ex Parte Application for a Stay of Defendants' motion pending a decision on the jurisdictional motion at hand: whether to allow amendment of the complaint to add LDI as a defendant, thereby destroying diversity and forcing remand. ([Doc. 11] ¶ 1.)

## II. STANDARD

28 U.S.C. § 1447(e) states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court." 28 U.S.C. § 1447(e). Congress added subsection (e) to allow remand if a plaintiff pursues joinder of a diversity-destroying defendant after removal. H.R. Rep. No. 100–889, at 72. Permitting

2

joinder under § 1447(e) lies in the discretion of the Court. Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998). A court should consider the following factors when weighing whether to permit joinder: (1) whether the new defendant is required for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would bar an action against the new defendant in state court; (3) whether there has been an unexplained delay, or the joinder request is untimely; (4) whether the plaintiff intends joinder solely to defeat diversity jurisdiction; (5) whether the claims against the prospective defendant appear valid; and (6) whether the plaintiff will be prejudiced by denial of joinder. IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citing Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 658 (S.D. Cal. 2000)). Any of the factors might prove decisive, and none is a required condition for joinder. Vasquez v. Wells Fargo Bank, Nat'l Ass'n, 77 F. Supp. 3d 911, 921 (N.D. Cal. 2015). The case should be remanded if the court permits joinder of a non-diverse defendant. See 28 U.S.C. § 1447(c).

**III. DISCUSSION**

    **A.    Joinder under Federal Rule of Procedure 19(a)**

Rule 19(a) requires joinder of persons whose absence would preclude complete relief, impede their ability to protect their interests, or subject a party to the danger of inconsistent obligations. Fed. R. Civ. P. 19(a); IBC, 125 F. Supp. 2d at 1011. "This standard is met when failure to join will lead to separate and redundant actions." IBC, 125 F. Supp. 2d at 1012 (citing CP Nat'l Corp. v. Bonneville Power Admin., 928 F.2d 905, 912 (9th Cir. 1991)).

Defendants admit the claims asserted against LDI and Defendants are more than tangentially related. (*Opp'n* [Doc. 17] 6:6–11.) The Court agrees that this factor weighs in favor of joinder.

3

### B. Statute of Limitations

Plaintiffs do not argue that a new action against LDI would be time-barred. Generally, a federal court may be less disposed to permit joinder of a non-diverse defendant if a statute of limitations does not bar a state court action. See Clinco v. Roberts, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999). However, where requiring Plaintiffs to litigate essentially identical issues turning on the same facts in two forums would waste judicial resources and risk inconsistent results, lack of a tolled statute of limitations should not prevent joinder. See, e.g., IBC, 125 F. Supp. 2d at 1012. Thus, this factor does not weigh significantly against Plaintiffs.

### C. Timeliness

Courts consider the delay between removal from state court and a motion to amend when determining whether to allow joinder of a non-diverse party. See, e.g., Lopez v. Gen. Motors Corp., 697 F.2d 1328, 1332 (9th Cir. 1983) (denying amendment to add defendant that was filed more than six months after removal and only days before consideration of a motion for summary judgment); IBC, 125 F. Supp. 2d at 1012. Plaintiffs filed the instant motion to amend the complaint on September 17, 2019, less than a month after the case was removed to federal court on August 22, 2019. While Defendants have filed a motion to transfer and a motion to dismiss, those issues can be handled by the state court and litigation has not otherwise made considerable progress. The motion is timely, which counsels in favor of joinder.

### D. Motive of Joinder

Defendants contend that Plaintiffs seek to add LDI solely to destroy the federal court's diversity jurisdiction, requiring a remand to state court. In support of this contention, Defendants point to the fact that Plaintiffs knew of LDI's involvement in the case when they originally filed the complaint, but made no effort to add LDI as a party until Defendants removed the case to federal court. (*Opp'n* 6:26–7:4.) Defendants also

4

argue that Plaintiffs have not provided any evidence showing that they learned anything new since filing their FAC. (*Id.* at 7:17–18.)

The motive behind seeking joinder of a non-diverse defendant is relevant as to whether to grant leave to amend. IBC, 125 F.Supp.2d at 1012 (citing Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1376 (9th Cir. 1980). However, "[s]uspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." IBC, 125 F.Supp.2d at 1012 (citation omitted). Because of this, courts often consider whether the plaintiff is trying to delay proceedings unreasonably. Gunn v. Wild, No. C–01–4320 VRW, 2002 WL 356642, at *5 (N.D. Cal. Feb. 26, 2002) (citation omitted).

The Court declines to impute a motive to unreasonably delay proceedings here. The case is still in the early stages of litigation, and the first case management conference has not yet taken place. In light of LDI's alleged role in the breakdown of the relationship between Plaintiffs and Defendants, the Court finds Plaintiffs' desire to add LDI as a defendant both reasonable and justifiable.

### E. Merit of Claims/Validity of Claims

"[C]ourts consider whether the claim sought to be added seems meritorious" when determining whether to allow joinder. IBC, 125 F. Supp. 2d at 1012; see also Clinco, 41 F. Supp. 2d at 1083; Goodman v. Travelers Ins. Co., 561 F. Supp. 1111, 1113–14 (N.D. Cal. 1983).[1]

Of the eight claims to which Plaintiffs seek to add LDI as a defendant, two regard violation of the Cartwright Act. "To maintain an action for a combination in restraint of trade under the Cartwright Act, the following elements must be established: (1) the formation and operation of the conspiracy; (2) illegal acts done pursuant thereto; and (3)

---

[1] There is no indication what standard is used, but whether a claim "seems meritorious" appears to be an even more liberal analysis than that of a motion to dismiss.

5

damage proximately caused by such acts." Asahi Kasei Pharma Corp. v. CoTherix, Inc., 204 Cal. App. 4th 1, 8 (2012) (internal quotation marks omitted). "[T]he 'conspiracy' or 'combination' necessary to support an antitrust action can be found where a supplier or producer, by coercive conduct, imposes restraints to which distributors involuntarily adhere." Kolling v. Dow Jones & Co., 137 Cal. App. 3d 709, 720 (1982) (citations omitted).

Here, Plaintiffs allege Defendants and LDI "have engaged in, and agreed upon concerted action directed at eliminating both Plaintiffs and their dealer network" by forcing Plaintiffs to sell Defendants' products directly to LDI. (SAC 57.) Plaintiffs allege this undermined their core business—selling to HVAC wholesale distributors who then sold to contractors—because LDI was able to obtain close to or below wholesale prices and thereby outcompete the contractors Plaintiffs' wholesale distributors sold to. (SAC 56–58.)

Defendants' sole argument against Plaintiffs' claim is that, "given the alleged vertical relationship between Defendants, on the one hand, and Plaintiffs or LDI, on the other hand, Plaintiffs' attempt to assert this Cartwright Act claim fails as a matter of law." (*Opp'n* 13:4–7.) However, the Cartwright Act is not only concerned with horizontal restraints. See Mailand v. Burckle, 20 Cal. 3d 367, 377 (1978) ("These rules apply whether the price-fixing scheme is horizontal or vertical."). Indeed, it appears that an illegal combination is established if a producer "pressures customers or dealers into adhering to resale price maintenance, territorial restrictions, exclusive dealing arrangements or illegal 'tieins,' . . . irrespective of any monopoly or conspiracy, and despite the recognized right of a producer to determine with whom it will deal." Kolling, 137 Cal. App. 3d at 720 (citations omitted).

Because the Court concludes that Plaintiffs have provided information sufficient to state a valid, potentially meritorious Cartwright Act claim against Defendants and LDI, it need not consider whether Plaintiffs' other causes of action are meritorious. Accordingly, this factor weighs in favor of permitting joinder.

6

19-CV-1580 W (LL)

### F. Prejudice to Plaintiffs

Finally, denying the amendment would force Plaintiffs to choose whether to pursue redundant litigation in another forum and risk inconsistent results or forego its potential claims against LDI. At the same time, little prejudice to Defendants would result from permitting joinder, as the case is still in the early stages of litigation. Moreover, Defendants have other options to avoid an unwanted forum, including moving the state court to transfer venue.

### IV. CONCLUSION & ORDER

Having considered the relevant factors, Plaintiffs' motion for leave to amend is **GRANTED** [Docs. 14]. Because the amendment destroys diversity jurisdiction by naming LDI as a defendant, remand is warranted. Accordingly, this Court **REMANDS** the action to the Superior Court of California, County of San Diego.

**IT IS FURTHER ORDERED** that Defendants' Motion to Change Venue [Doc. 9], Defendants' Motion to Dismiss for Failure to State a Claim [Doc. 16], and Plaintiffs' ex parte application to stay proceedings [Doc. 22] are **TERMINATED AS MOOT**.

**IT IS SO ORDERED.**

Dated: November 1, 2019

Hon. Thomas J. Whelan
United States District Judge